# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

## APPEAL NO. 23-11014-HH
_____

**UNITED STATES OF AMERICA**
*Plaintiff-Appellee,*

v.

**CHRISTOPHER SWITLYK**
*Defendant-Appellant.*

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA (TAMPA DIVISION)**
DISTRICT COURT CASE NUMBER 8:10-cr-00530-VMC-AEP-4

---

***REPLY BRIEF OF APPELLANT CHRISTOPHER SWITLYK***

---

***Leslie M. Sammis, Esq.***
Florida Bar 185825
1005 N. Marion St.
Tampa, FL 33602
Phone (727) 299-0099
info@sammislawfirm.com
*Counsel for Christopher Switlyk*

# TABLE OF CONTENTS

**Contents** **Page**

**Table of Contents** …………………………………………………….. ii

**Table of Citations** …………………………………………………… iii

**Arguments** ……………………………………………………………1-2

**Conclusion** …………………………………………………………..3

**Certificate of Compliance** ………………………………………….3

**Certificate of Service** ……………………………………………….3

# Table of Citations

**Cases:**                                                                      **Page:**

*U.S. v. Petrie,* 302 F.3d 1280 (11th Cir. 2002).                               2

**Statutory Authority:**

Fed.R.Crim.P. 32.2(4)(c) (West 2022).                                           2

Rule of Appellate Procedure 4                                                   1-2

## Argument

The record is clear that Appellant intended to challenge the authority of the District Court to enter an order a preliminary order of forfeiture of substitute assets. Appellant elected to file a *pro se* motion for reconsideration of the forfeiture order, pursuant to the Government's written instructions contained in the motion for forfeiture. The motion was filed within the recapture period of Rule 4(b)(4). The Court denied the motion for reconsideration, and Appellant did not timely appeal. The question here is whether Appellant should be granted relief by permitting direct review of the order denying reconsideration. The Government argues that the District Court did not abuse its discretion in denying Appellant's motion for extension of time to file a notice of appeal, but admitted that the underlying proceedings were "unclear," and as such stated that it would not assert a time bar to a direct appeal. *See* Answer Brief, P. 6. Thus, the Government concedes that Appellant is entitled to review. However, the Government's proposed remedy is entirely unclear.

The Government suggests that this appeal is moot, and should be dismissed, because it will not assert a time bar to direct review pursuant to Rule 4(b). [Answer Brief, P. 9-10]. Dismissing this appeal without express directives to the parties would create even more uncertainty regarding procedural remedies. The underlying order denying reconsideration stated that Appellant could raise all of

his arguments at an ancillary hearing. *See* Doc. 513. This, of course, is incorrect as a matter of law because the order was final as to Appellant upon docket entry. *See U.S. v. Petrie,* 302 F3d 1280 (11th Cir. 2002); Fed.R.Crim. P. 32.2(4)(c). Although the Court could have expressly clarified that it did not intend the order to be final as to Appellant, the Court did not do so. Despite this fact the Government seems to suggest that this appeal can be dismissed because Appellant can raise his arguments at the ancillary hearing. However, the Government does not expressly state this in its Answer. To the contrary, the Government only states that it will not assert a time bar, and that its intention was that the issues be resolved in a reconsideration motion. *See* Answer Brief, Pp. 9-10. There are no rules of procedure permitting this specific remedy; however, this Court certainly has the discretion to enter an Order directing the District Court to treat the preliminary order of forfeiture as non-final as Appellant in light of the clear procedural errors and the Government's concession. Appellant agrees that should this Court enter such an order the instant appeal requesting direct review would be moot at this time.

To the contrary, if there is no order expressly indicating that the preliminary order should be treated as non-final, this Court should enter an order granting relief and permitting direct review of the order denying reconsideration. As conceded by

the Government, this Court does not need to reach a decision regarding abuse of discretion because the Government will not assert a time bar pursuant to Rule 4.

## CONCLUSION

Appellant asks that the Court grant relief as set forth herein.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) (a principal brief must contain less than 13,000 words) because this reply brief contains less than a total of 684 words excluding the parts of the brief exempted by Fed.R.App.P. 32(f), as counted by Microsoft Word's counting interface.

<i>/s/ Leslie Sammis</i><br>
LESLIE SAMMIS<br>
<i>Counsel for the Appellant</i>

# CERTIFICATE OF SERVICE

I hereby certify that on this August 2, 2023, I caused the forgoing *Reply Brief of Appellant Christopher Switlyk* to be filed electronically with the Clerk of Court using CM/ECF system, which will send notice of such filing to the CM/ECF users.

Respectfully submitted,

/s/ Leslie M. Sammis
Leslie M. Sammis
Sammis Law Firm
1005 North Marion Street
Tampa, FL 33602
Telephone: (813) 250-0500
Fax: (813) 276-1600
Email: Lsammis@sammislawfirm.com
*Counsel for Defendant-Appellant*